1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

11  LAMAR DONNELL THOMAS,        ) Case No. CV 13-9486-MWF (DTB)
12              Petitioner,       )
                                  ) ORDER TO SHOW CAUSE
13          vs.                   )
                                  )
14  R. GROUNDS, WARDEN,           )
                                  )
15              Respondent.       )
                                  )
16  _____

17       On December 5, 2013,[1] petitioner filed a Petition for Writ of Habeas Corpus
18  by a Person in State Custody ("Pet.") herein. The Petition purports to be directed to
19  a 1993 conviction sustained by petitioner in Los Angeles County Superior Court.
20  (See Pet. at ¶¶ 1-2.) Petitioner purports to be raising three grounds for relief. (See
21  Pet. at ¶ 10(a-c).)
22  / / /
23  / / /
24  _____

25       [1]   December 5, 2013 is the signature date and thus, the earliest date on
26  which petitioner could have turned the Petition over to the prison authorities for
    mailing. Rules Governing Section 2254 Cases in the United States District Courts,
27  Rule 3(d). See also Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (holding
28  that the prison mailbox rule applies to a habeas petitioner's state and federal filings).

Based on its review of the Petition as well as information derived from the California Appellate Courts website[2], it appears to the Court that the Petition is time barred. Accordingly, on or before **February 10, 2014,** petitioner is ORDERED to show cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.[3]

### THE TIME BAR ISSUE

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[4] 28 U.S.C. § 2244(d) provides:

> "(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[2]   http://appellatecases.courtinfo.ca.gov/index.html

[3]   The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[4]   Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).


    (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

  From a review of the Petition, as well as the California Appellate Courts website, it appears that petitioner appealed the underlying judgment of conviction to the California Court of Appeal, which subsequently affirmed the judgment on July 21, 1994. Petitioner failed to petition the California Supreme Court for review of the Court of Appeal decision on direct appeal. (See Pet. at ¶ 7.) Under the relevant California Rules of Court, his time for doing so lapsed 40 days after the July 21, 1994 filing of the Court of Appeal decision. See Cal. R. Ct. 8.264(b)(1) [formerly 24(b)(1)] and 8.500(e)(1) [formerly 28(e)(1)]. Since petitioner's judgment of conviction became final on July 21, 1994, a date which was prior to the enactment of the AEDPA, the statute of limitations commenced on the day after the AEDPA's effective date and expired one year later, on April 24, 1997, unless a basis for tolling existed. See Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1058 (9th Cir. 2007); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-

88).  The Petition was filed over 16 years later, on December 5, 2013.  Thus, absent tolling, the Petition is untimely.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  The Court notes in this regard that petitioner did not have a constitutional right to counsel for purposes of filing a Petition for Review in the California Supreme Court or a state habeas petition.  See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) (holding that the right to counsel extends "to the first appeal of right, and no further").  Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the claims alleged in the Petition appears to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review.  Finally, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears that petitioner was aware of the **factual** predicate of each of his claims as of the date he was convicted and sentenced.  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was April 24, 1997.

The Supreme Court has held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases.  See Holland v. Florida, - U.S. -, 130 S. Ct. 2548, 2560, 177 L. Ed. 2d 130 (2010).  However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way."  See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see

also Holland, 130 S. Ct. at 2562.  Here, petitioner has not purported to make any such showing in the Petition.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **February 10, 2014**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be should not be dismissed with prejudice on the ground of untimeliness.

DATED: January 13, 2014

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

5